STATE OF CONNECTICUT *v.* ANTHONY P. GRASSO

REVIEW DIVISION OF THE SUPERIOR COURT

Decided April 3, 1967

*James D. Cosgrove,* public defender, for the defendant.

*John D. LaBelle,* state's attorney, for the state.

BY THE DIVISION. The defendant, thirty-four years of age, pleaded guilty to the charge of robbery, in violation of § 53-67 of the General Statutes, which prescribes a penalty of not more than seven years, and to the charge of being a second offender, in violation of § 54-118, which provides for a term not exceeding double the term provided

by law for the prior offense. The court imposed a sentence of not less than seven nor more than twelve years.

On March 2, 1966, the defendant walked into the Southington Savings Bank and tendered to a teller a deposit slip on which he had written, "This is a stick up—Please put $10,000 in the bag." The teller put the sum of $10,364 in a brown bag which the defendant had given her, and he left the premises. Shortly thereafter, he was apprehended by the New Britain police, to whom he turned over the bag containing all the money. He had no weapon, and he gave a full confession to the police.

On January 26, 1962, the defendant entered a market in California and held up two persons at gun point, and cocked his weapon in doing so. He ordered an employee to put money in a sack and said, "I mean business and don't try nothing funny or you both get it." He was convicted of first-degree robbery and was sentenced to the California Institute for Men for a term of five years to life. He was released on parole in September, 1964, to live with his parents in Connecticut under the supervision of the Connecticut Prison Association.

The sentencing judge said: "Well, bank robbers must be dealt with sternly because it's common knowledge that bank robberies in this state have been increasing . . . . I can't help but believe that the victim in the bank thought that this defendant was armed at the time. He certainly was armed in 1962 when he entered a market in California at which time he held the victim at gun point and removed the paper sack or paper covering from the weapon he held in his hand, and then cocked it, which would indicate to the court that this man is a potential killer. Apparently the five years [to life] sentence imposed in California was not able to

deter this defendant. . . . Considering the nature of the crime and considering his atavistic tendency to commit crime, . . . [the defendant is ordered to be confined in the state prison for a term of not less than seven nor more than twelve years]."

We concur. The sentence is just and reasonable and should stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.